IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TAMARA FRY, on behalf of herself and others similarly situated, | ) ) ) |
| | CASE NO. |
| Plaintiff, | ) ) ) |
| | JUDGE |
| v. | ) ) ) |
| | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| PILOT PLASTICS, INC. | ) ) ) |
| | **JURY DEMAND INCLUDED HEREON** |
| Defendant. | ) |

Plaintiff Tamara Fry ("Representative Plaintiff") for her Complaint against Defendant Pilot Plastics, Inc. ("Defendant") alleges as follows:

**INTRODUCTION**

1. This case challenges Defendant's policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA").

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

3. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually related claims under the OMFWSA (the "Ohio Class").

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial District and Division pursuant to 28 U.S.C. §1391(b). A substantial part of the events or omissions giving rise to Representative Plaintiff's collective claims occurred here.

## PARTIES

7. Representative Plaintiff is a resident of Ohio who was employed by Defendant in the last three years as an hourly, non-exempt production employee.

8. Those similarly situated to Representative Plaintiff were also employed by Defendant in the last three years as hourly, non-exempt production employees.

9. Defendant Pilot Plastics, Inc. is an Ohio corporation for-profit, with its principal place of business in Akron, Ohio.

10. At all relevant times, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA and the OMFWSA.

11. At all relevant times, every Defendant was an "employer" within the meaning of the FLSA and the OMFWSA.

12. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Representative Plaintiff and those similarly situated were

employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Representative Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

15. Defendant manufactures plastic products and sells those products throughout the United States.

16. Representative Plaintiff and others similarly situated were employed by Defendant as production employees.

17. Plaintiff and others similarly situated were paid on an hourly basis and were not exempt from the overtime requirements of the FLSA and the OMFWSA.

18. Representative Plaintiff and other similarly situated employees were regularly scheduled to work 40 or more hours per workweek.

19. Representative Plaintiff and other similarly situated employees' primary job duties were to prepare and manufacture plastic products.

20. Defendant required Representative Plaintiff and other similarly situated employees to be at their assigned workstations at least five minutes prior to the start of their shifts, so that they could fill out work-related paperwork.

21. The work performed by Representative Plaintiff and other similarly situated employees during this five-minute period constituted compensable work within the meaning of the FLSA and OMFWSA.

22. In addition, prior to arriving at their assigned workstations, Representative Plaintiff and other similarly situated employees were required to collect tools from Defendant that

were necessary to perform their primary job duties, such as a tool to remove "flash" from plastic products.

23. Prior to arriving at their assigned workstations, Representative Plaintiff and other similarly situated employees also had to check a "billboard" listing their names and the workstation at which they would be assigned that day.

24. Gathering tools necessary to perform their primary job duties and checking the billboard constituted the first principal activity of the workday for Representative Plaintiff and other similarly situated employees. As such, under the continuous workday rule, Representative Plaintiff and other similarly situated employees should have been paid from that time until they performed their last principal activity of the day.

25. The activities described above typically took approximately 10 minutes per day.

26. Defendant did not compensate Representative Plaintiff and other similarly situated employees for this work that was performed prior to the start of their shifts.

27. Defendant did not include the time spent performing this work into the total number of hours worked each workweek by Representative Plaintiff and other similarly situated employees, as required by the FLSA and OMFWSA.

28. Representative Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

29. This unpaid work performed by Representative Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

30. There was no practical administrative difficulty of recording this unpaid work, and it could have been precisely recorded for payroll purposes.

31. This unpaid work performed by Representative Plaintiff and other similarly

situated employees constituted a part of their principal activities and was performed for Defendant's benefit.

32. Moreover, this unpaid work was an integral and indispensable part of the principal job duties performed by Representative Plaintiff and other similarly-situated employees.

33. Defendant knowingly and willfully failed to pay Representative Plaintiff and other similarly situated employees for time spent performing the work described above.

34. As a result of Representative Plaintiff and other similarly situated employees not being paid for all hours worked, Representative Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

35. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

36. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective").  The FLSA Collective is defined as:

> **All current and former non-exempt production employees of Pilot Plastics, Inc. who worked 40 or more hours in any work week in the three years preceding the date of filing of this Complaint to the present.**

38. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were subjected to and injured by Defendant's unlawful practice of failing to pay employees for work performed prior to the start of their shift. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees,

5

and costs.

39. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

40. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

41. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former non-exempt production employees of Pilot Plastics, Inc. who worked 40 or more hours in any work week in the two years preceding the date of filing of this Complaint to the present.**

43. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

44. There are questions of law or fact common to the Ohio Class, including but not limited to: 1) Did Defendant have a policy of failing to pay employees for time spent working prior to the start of their shift?; 2) Did Defendant fail to pay Representative Plaintiff and other Ohio Class members all the overtime pay they were owed?

45. Representative Plaintiff's claims are typical of the claims of other members of the

Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

46. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

47. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Overtime Violations)**

49. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who may join this case pursuant

to 29 U.S.C. § 216(b).

51. The FLSA requires that Defendant's non-exempt hourly employees receive overtime compensation when they work in excess of 40 hours in a workweek.

52. As hourly non-exempt employees, Representative Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

53. Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective members.

54. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective members overtime compensation.

55. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

56. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the Plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action." *Id*.

**COUNT TWO**
**(Ohio Overtime Violations)**

57. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58. Representative Plaintiff brings this claim for violation of the OMFWSA, Ohio Rev. Code § 4111.03 on behalf of herself and the Ohio Class members for which certification is

8

sought pursuant to Fed. R. Civ. P. 23.

59. The OMFWSA requires that Defendant's non-exempt hourly employees receive overtime compensation when they work in excess of 40 hours in a workweek.

60. As hourly non-exempt employees, Representative Plaintiff and the Ohio Class members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

61. Defendant failed to pay the required overtime compensation to Representative Plaintiff and the Ohio Class members.

62. Ohio Rev. Code § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate…and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to the FLSA Collective informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Representative Plaintiff, the FLSA Collective and the Ohio Class;

    D.     Award compensatory damages to Representative Plaintiff, the FLSA Collective, and the Ohio Class in the amount of their unpaid wages as well as liquidated damages in an equal amount to Representative Plaintiff and the FLSA Collective; and,

    E.     Award Representative Plaintiff, the FLSA Collective, and the Ohio Class their costs and attorney's fees incurred in prosecuting this action.

Respectfully submitted,

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 E. 9th Street, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com

Shannon M. Draher (0074304)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Jeffrey J. Moyle*

*Counsel for Representative Plaintiff*