# Exhibit A

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Plaintiff Tamara Fry, on behalf of herself and the Opt-In Plaintiffs, identified in the attached **Exhibit A,** and Defendant Pilot Plastics, Inc., agree as follows:

## DEFINITIONS

1.      "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled <u>Fry, on behalf of herself and others similarly situated v. Pilot Plastics, Inc.,</u> Case No. 5:22-cv-00465.

2.      "Representative Plaintiff" shall mean Tamara Fry**.**

3.      "Plaintiffs" shall mean Tamara Fry, and the Opt-In Plaintiffs identified in the attached **Exhibit A.**

4.      "Defendant" shall mean Pilot Plastics, Inc.

5.      "Parties" shall mean Representative Plaintiff and Defendant, and "Party" shall mean any one of the Parties.

6.      "Final" shall mean the date the Court approves the Settlement.

7.      "Settlement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

8.      Representative Plaintiff filed this action alleging Defendant failed to pay her and other similarly-situated employees the required overtime compensation at the rate of one and one-half times the regular rate of pay for all of the hours they worked over 40 each workweek -- in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Ohio law.

9.      Defendant denied any liability or wrongdoing. The Parties agree that a bona fide dispute exists regarding Plaintiffs' claims, including Plaintiffs' unpaid overtime compensation, whether Defendant acted in good faith, and whether any alleged violation of the FLSA or Ohio law was willful.

10. On February 10, 2023, the Parties reached a binding settlement in this matter after extensive good faith bargaining, including extensive review and analysis of Plaintiffs' time and pay records.

11. Plaintiffs' Counsel represents that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of Plaintiffs' claims against Defendant, including reviewing relevant documents (including those produced by Defendant and its third-party payroll companies), and researching the applicable law and the potential defenses. Documents produced by Defendant and its third-party payment companies included wage information and documents, and Excel spreadsheets. Based on their own independent investigation and evaluation, and good-faith representations by Defendant's Counsel, Plaintiffs' Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of Plaintiffs in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses. Defendant represents that the documents produced were sufficiently complete, that the final computations were accurate, and agree that the Settlement is fair, adequate and reasonable. Representative Plaintiff Tamara Fry warrants she is authorized to enter and execute this Agreement on behalf of herself and all Opt-In Plaintiffs.

12. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiffs' claims in the Action have merit or that Defendant has any liability to Plaintiffs on those claims. Likewise, nothing in this Settlement is intended or will be construed as a concession by Plaintiffs that Defendant's defenses in the Action have merit or that Plaintiffs would not have prevailed on their claims.

## SETTLEMENT TERMS

13. **Total Settlement Payment:** The Total Settlement Payment is Thirty Thousand Dollars ($30,000.00) including (a) all Settlement payments to Plaintiffs; and (b) Plaintiffs' Counsel's attorneys' fees and expenses. Five Hundred Dollars ($500.00) of this total is paid pursuant to Tamara Fry's Confidential Settlement Agreement And Release.

14. **Payment to Plaintiffs:** Fourteen Thousand Six Hundred Eighty-Eight and 75/100 Dollars ($14,688.75) of the Total Settlement Payment will be paid to Plaintiffs as outlined in **Exhibit A.**

15. **Treatment of Plaintiffs' Settlement Payment:** The Parties agree that ½ of each individual's overtime Settlement Payment will be treated as wages and subject to W-2 reporting. Therefore, normal payroll taxes and withholdings will be deducted pursuant to local, state and federal law. Pilot Plastics, Inc. will pay its portion of employer payroll taxes and withholdings as required by law. The other ½ of each individual's overtime Settlement Payment will be treated as 1099 non-wage income, without any withholding. Plaintiffs shall

solely be responsible for any taxes on the 1099 non-wage income. Defendant will make lawful deductions pursuant to the most recent W-4.

16.   **Plaintiffs' Counsel's Attorneys' Fees and Costs:** Fifteen Thousand Three Hundred Eleven and 25/100 Dollars ($15,311.25) of the Total Settlement Payment will be paid to Plaintiffs' Counsel for attorneys' fees and expenses ($10,294.55 in attorneys' fees and $5,016.70 in expenses) incurred in the Action. Pilot Plastics, Inc. will issue to Plaintiffs' Counsel a Form 1099 with respect to those attorneys' fees and expenses. The Parties agree that the attorneys' fees and costs sought to be reimbursed are proper and reasonable.

17.   **Distribution Process**: Pilot Plastics, Inc. will mail Plaintiffs' individual settlement payments directly to Plaintiffs (addresses to be provided by Plaintiffs' counsel), with a copy to Plaintiffs' counsel. Pilot Plastics, Inc. will mail Plaintiffs' Counsel's attorneys' fees and costs to Plaintiffs' Counsel's office at 7034 Braucher Street NW, Suite B, North Canton, Ohio 44720 within thirty (30) days after the Court grants approval of the Settlement, or after the Settlement is executed by Representative Plaintiff Tamara Fry, whichever is later. Separate checks will be issued to each Plaintiff and to Plaintiffs' Counsel. For any Plaintiff not currently employed by Pilot Plastics, Inc., Pilot Plastics, Inc. may rely on her most recent W-4 with Pilot Plastics, Inc. for W-2 withholding.

## RELEASE OF CLAIMS

18.   **Released Claims:** Plaintiffs release Defendant (including their related, affiliated, associated and parent companies, predecessors, successors, assigns and recent asset purchaser Preformed Line Products Company), and their officers, directors, agents, attorneys and employees from any and all federal, state and local minimum wage, overtime or similar wage claims, rights, demands, liabilities and causes of action, including claims for violation of the FLSA, the Ohio Constitution, Section 34a, Ohio Revised Code Chapter 4111, Ohio Revised Code Section 4113.15 and any contractual or quasi-contractual claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses and any statutory penalties, whether known or unknown, for the Released Period, as defined in Paragraph 20 below, that were brought or could have been brought in the Action. **Plaintiffs do not release any claims that cannot be waived by law, including but not limited to any workers' compensation claims.** In addition, Plaintiff Tamara Fry will execute a separate, general release.

19.   **Limited Confidentiality, Media and Publishing Obligations**.   Other than steps required to obtain Court approval, Representative Plaintiff represents that since February 10, 2023, she has kept and shall continue to keep confidential all of the terms and conditions of this Agreement, and that she shall not disclose any matters herein, including without limitation the content of any and all settlement negotiations leading up to this Agreement or the terms hereof.   Pursuant to the terms of this Paragraph, Tamara Fry may disclose the information contained in this Agreement to her professional tax advisors, accountants, spouse and to her private attorneys.   In addition, Defendant and their counsel

3

may disclose the information contained in this Agreement to the Court and as necessary to process the payments identified in Paragraphs 14 and 16. Additionally, the Parties and their counsel agree as follows:

(a) Representative Plaintiff, Opt-in Plaintiffs, Plaintiffs' Counsel, Defendant, and Defendant's Counsel shall not (1) initiate or respond to any contact with the media regarding the Settlement, (2) issue a press release or otherwise notify the media about the terms of the Agreement; or (3) advertise or make any public statements regarding any of the terms of the Agreement through written, recorded, or electronic communications, including without limitation: any websites, social media platforms (i.e., Twitter, Facebook, Instagram, Snapchat, or similar mediums), or any other publications.

(b) To the extent the Representative Plaintiff, Opt-in Plaintiffs, and/or Plaintiffs' Counsel are contacted by the media about the Agreement, they shall only be permitted to respond to such inquiries by stating that the Parties have reached a settlement subject to Court approval, and that the Parties believe they have reached a fair and reasonable settlement of the disputed claims. Plaintiffs' Counsel, however, may disclose the specific terms of the Agreement to the extent necessary to respond to inquiries from the Named Plaintiff or Opt-In Plaintiffs regarding the proposed settlement and may disclose the terms of the Agreement in seeking approval of the Agreement with the Court.

20. **Released Period:** The Released Period shall mean the period from the beginning of time through and including the date on which the Court gives approval of the settlement or the Agreement is executed by Representative Plaintiff, whichever date is later. However, the scope of claims released — whether inside or outside the Released Period -- is limited to those set forth in Paragraph 17 above.

21. **Release of Attorneys' Fees and Expenses**: The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement and securing Court approval of the Settlement. In consideration for these attorneys' fees and expenses, Plaintiffs waive any and all claims to any further attorneys' fees and expenses in connection with the Action.

22. **Neutral Employment Reference:** Upon request from prospective employers of Plaintiffs, Pilot Plastics, Inc. agrees to provide a neutral reference, confirming the fact of employment with Pilot Plastics, Inc., starting and ending dates of employment, and job titles.

23. **No Reliance:** Except for the statements, representations, and promises expressly set forth in this Agreement, none of the Parties has relied upon any statement, representation, or promise of any other party (or of any employee, attorney, or other representative of any other party) in executing this Agreement, and no other party has made any statements, representations, or promises regarding a fact relied upon by it in entering into this Agreement.

4

24.    **Severability:** In the event that any provision of this Agreement is held to be illegal, invalid, or unenforceable under applicable law, the remaining provisions of this Agreement will remain in full force and effect and will not be affected by the illegal, invalid, or unenforceable provision and will be interpreted so as to effect, as closely as possible, the intent of the Parties. Before striking any illegal, invalid or unenforceable provision, the court will first try to modify ("blue-pencil") the offending provision to make it as enforceable as possible.

25.    **Governing Law:** This Agreement shall be construed in accordance with, and governed by, the laws of the State of Ohio without taking into account conflict of law principles. Any dispute arising under or related to this Agreement shall be brought only in the U.S. District Court for the Northern District of Ohio, Judge Sara Lioi presiding, who the Parties agree should, and the Parties will ask the Court to, retain jurisdiction to enforce this Agreement. The Parties agree to the exclusive jurisdiction of said court and waive any objection to venue in, or the exclusive jurisdiction of, said court — unless Judge Lioi is no longer active on the bench of said Court (in which case her successor will have jurisdiction) or if the Northern District of Ohio determines it no longer has jurisdiction (in which case the parties agree to the exclusive jurisdiction and venue of the Summit County Court of Common Pleas). The entry of final judgment in the Action shall release all claims set forth as being released by the Settlement.

## DUTIES OF THE PARTIES

26.    **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement and to effectuate its terms.

27.    **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the Court.

28.    **Joint Motion for Approval of Settlement:** The Parties will jointly move the Court for the entry of an order approving the Settlement on or before February 24, 2023.

## PARTIES' AUTHORITY

29.    The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

30.    The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The

Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

31.    The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

32.    Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. Likewise, nothing contained in this Settlement shall be construed or deemed as a concession by Plaintiffs that their claims lacked merit or that they would not have prevailed on such claims. Each Party has entered into this Settlement with the intention to avoid further litigation and its attendant inconvenience and expenses.

## CONSTRUCTION

33.    The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

34.    This Settlement may not be changed, altered or modified, except in writing acknowledged by the Parties and (if required) approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties and approved by the Court.

## INTEGRATION CLAUSE

34.    This Agreement supersedes any prior written or verbal agreement relating to this matter and constitutes the complete agreement between the Parties with respect to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever, whether express or implied in law or fact, have been made by any party to this Agreement, except as specifically set forth in this Agreement. This is a fully integrated document and the Parties may not rely, and represent that they do not rely, upon any statement of fact or otherwise outside of this Agreement

## BINDING ON ASSIGNS

35.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

36.     This Agreement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

## BREACH

37.     If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein as determined by a Court of competent jurisdiction.

## JURISDICTION

38.     The Parties agree that the Court should, and will ask the Court to, retain jurisdiction to enforce the terms of the Settlement.


_____          _____
TAMARA FRY                                MICK JENDRISAK, ON BEHALF
                                          OF PILOT PLASTICS, INC.


_____          _____
Date                                      Date

7

## EXHIBIT A:  CLASS LIST AND PAYMENTS

| EMPLOYEE | OT (W2) | Liquidated (1099) | Service Payment (50% W2/ 50%1099) |
|---|---|---|---|
| Albanese, Clifford | $ 278.92 | $ 278.92 | |
| Ambrose, Stanley | $  90.56 | $  90.56 | |
| Artison, Latonya | $  24.15 | $  24.15 | |
| Bailey, Jennifer | $  24.15 | $  24.15 | |
| Bailey, Tavionne | $  86.94 | $  86.93 | |
| Bauza, Eduardo | $ 177.50 | $ 177.49 | |
| Beavers, John | $  76.07 | $  76.07 | |
| Benson, Rebecca | $ 126.78 | $ 126.78 | |
| Ber, Candy | $ 456.42 | $ 456.41 | |
| Blackmon, Jennie | $  38.04 | $  38.03 | |
| Boston, Deron | $ 202.85 | $ 202.85 | |
| Boykin, Kevin | $  24.15 | $  24.15 | |
| Brandt, Jerron | $  50.72 | $  50.71 | |
| Brinker, Nathan | $  43.47 | $  43.47 | |
| Brooks, Gentle | $ 228.21 | $ 228.20 | |
| Brown, Onjoinique | $  24.15 | $  24.15 | |
| Brown, Todd | $  24.15 | $  24.15 | |
| Burkett, Jeffrey | $  39.85 | $  39.84 | |
| Chaney, Shawn | $  39.85 | $  39.84 | |
| Cook, Tarrel | $  24.15 | $  24.15 | |
| Crooks, Thomas | $ 260.81 | $ 260.81 | |
| Domers, Marla | $  24.15 | $  24.15 | |
| Dowdy, Darshawn | $  24.15 | $  24.15 | |
| Estep, Kevin | $ 219.15 | $ 219.15 | |
| Evans, Antonio | $  24.15 | $  24.15 | |
| Figueroa Masso, Jose | $ 126.78 | $ 126.78 | |
| Fletcher, Tracy | $  24.15 | $  24.15 | |
| Fry, Tamara | $  92.37 | $  92.37 | $500[1] |
| Heavner, James | $  24.15 | $  24.15 | |
| Hecht, David | $  24.15 | $  24.15 | |
| Henderson, Nyla | $  24.15 | $  24.15 | |
| Htwe, Nay Min | $ 329.63 | $ 329.63 | |
| Johnson, Bryce | $  24.15 | $  24.15 | |
| Jones, Logan | $ 608.55 | $ 608.55 | |
| Kharoti, Ghazal | $  24.15 | $  24.15 | |

[1] As set forth in Paragraph 12 to the settlement agreement, $500.00 of the collective settlement is paid to Ms. Fry as a service payment in connection with her execution of a Confidential Settlement Agreement and Release.

| EMPLOYEE | OT (W2) | Liquidated (1099) | Service Payment (50% W2/ 50%1099) |
|---|---|---|---|
| Lak, Tamang | $  24.15 | $  24.15 | |
| Lauderdale, Candy | $ 481.77 | $ 481.77 | |
| Legg, William | $  25.36 | $  25.35 | |
| Lessears Jr, Tommy | $ 101.43 | $ 101.42 | |
| Loftin, Kimberly | $  90.56 | $  90.56 | |
| Mcghee, David | $ 239.08 | $ 239.07 | |
| Medlin, Tyler | $  24.15 | $  24.15 | |
| Millender, Terry | $  24.15 | $  24.15 | |
| Paw, Htee | $ 481.77 | $ 481.77 | |
| Paw, Too | $ 126.78 | $ 126.78 | |
| Peace, Dewayne | $  24.15 | $  24.15 | |
| Price, James | $  24.15 | $  24.15 | |
| Quintana, Alexia | $ 153.95 | $ 153.95 | |
| Revier, Lacarlos | $  27.17 | $  27.17 | |
| Reynolds, Jessica | $  25.36 | $  25.35 | |
| Ross, Linda | $ 215.53 | $ 215.53 | |
| Sanchez, Luis | $  50.72 | $  50.71 | |
| Simmons, Dmiere | $ 209.19 | $ 209.19 | |
| Smith, Ashley | $ 177.50 | $ 177.49 | |
| Smith, Lexus | $  50.72 | $  50.71 | |
| Smith, Minnie | $  24.15 | $  24.15 | |
| Sommervile, Raynard | $ 247.23 | $ 247.22 | |
| Spencer, Thomas | $  24.15 | $  24.15 | |
| Sports, Jesse | $  24.15 | $  24.15 | |
| Thomas, Cassidy | $  25.36 | $  25.35 | |
| Thompson, Lewis | $  36.23 | $  36.22 | |
| Townsend, John | $  24.15 | $  24.15 | |
| Vargo, Kathryn | $  72.45 | $  72.44 | |
| Walker, Alexus | $  24.15 | $  24.15 | |
| Ward, John | $  30.79 | $  30.79 | |
| Wells, Grady | $  24.15 | $  24.15 | |
| Wolf, Gary | $  24.15 | $  24.15 | |
| **TOTAL PAYMENTS** | **$14,688.75** | | |
| **AVERAGE PAYMENT** | **$108.81** | | |

9