**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TAMARA FRY, on behalf of herself and others similarly situated, ) ) ) | CASE NO. 5:22-cv-465 | |
| PLAINTIFF, ) ) ) | JUDGE SARA LIOI | |
| v. ) ) | **MEMORANDUM OPINION AND ORDER** | |
| PILOT PLASTICS, INC., ) ) | | |
| DEFENDANT. ) | | |

Before the Court is the parties' joint motion for approval of settlement and dismissal of the case (Doc. No. 48 (Motion)), supported by the Declaration of Jeffrey J. Moyle (Doc. No. 48-2 (Moyle Declaration)). Because the Court finds that the settlement represents a fair resolution of plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the joint motion is granted, the settlement is approved, and the case is dismissed with prejudice.

**I. BACKGROUND**

On March 23, 2022, plaintiff representative Tamara Fry ("Fry") filed this action, alleging that defendant Pilot Plastics, Inc. ("Pilot") violated the FLSA and Ohio Minimum Fair Wage Standards Act by failing to pay her and other putative class members all the overtime compensation to which they were entitled. (Doc. No. 48-2 ¶ 8.) Pilot denied liability or wrongdoing of any kind. (*Id.* ¶ 9.)

The parties stipulated to conditional certification and sent notice to putative members of the class. (*Id.* ¶ 10.) The parties engaged in written discovery, exchanged information about their respective positions, and engaged in informal settlement discussions. (*Id.* ¶ 11.) In furtherance of those discussions, Pilot provided Fry with pay records for eligible members of the putative class.

(*Id.*) After the parties completed their review and analysis of the alleged damages at issue in this case, the parties reached a settlement and filed the instant motion asking the Court to approve said settlement.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202) (further citation omitted).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances where a federal district court approves the settlement of a suit brought pursuant to § 216(b) of the FLSA. *Id.*

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a

guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and, the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III.  ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented a bona fide dispute that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The parties' motion confirms the same. (Doc. No. 48, at 1.[1]) In particular, the parties disagreed whether Fry and other putative class members were entitled to overtime compensation. (*Id.*) The parties also anticipated disputes over damages and certification of a class. (Doc. No. 48-2 ¶ 18.)

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to the bona fide dispute. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

of attorney's fees to plaintiff's counsel, which is supported by a declaration filed by counsel, is reasonable, taking into consideration the course of proceedings and the successful outcome providing substantial relief to Fry and other class members. While the Court is not in a position to assess the likelihood of success on the merits, the Court finds that the other relevant factors weigh in favor of approving the settlement.

## IV. CONCLUSION

For the foregoing reasons, the Court approves the parties' joint motion for approval of settlement. (Doc. No. 48.) The claims in plaintiff's complaint are dismissed with prejudice, and this case is closed. The Court retains jurisdiction over this action to enforce the terms of the settlement.

**IT IS SO ORDERED**.

Dated: March 14, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**